1
2
3
4
5
6
7
8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN F. STRAKA,

11             Plaintiff,                    No. CIV S-05-1124 DAD

12        v.

13   MICHAEL J. ASTRUE,                      ORDER
     Commissioner of Social Security,[1]
14
               Defendant.
15   _____/

16             Plaintiff brought this action seeking judicial review of a final administrative

17   decision denying his claim for disability benefits under the Social Security Act.  By previous

18   order of the court, plaintiff's motion for judgment on the pleadings was granted, defendant's

19   cross-motion for summary judgment was denied, the decision of the Commissioner was reversed,

20   and the case was remanded with the direction to grant benefits.  Counsel for plaintiff has filed a

21   motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as

22   well as a separate motion seeking an award of attorney fees pursuant to 42 U.S.C. § 406(b).  The

23   court addresses both motions below.

24   _____

25        [1]  On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.
     Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ.
26   P. 25(d)(1).

**MOTION FOR ATTORNEY FEES UNDER THE EAJA**

In his EAJA motion, counsel for plaintiff seeks an award of $6,193.20 based on 40.2 hours of attorney time at the rate of $154.06 per hour.[2]  In reply to defendant's opposition, counsel for plaintiff requests an additional $1,078.42 for 7 hours of attorney time spent on the reply, for a total award of $7,271.62.  Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)).  Here, counsel for plaintiff seeks to recover attorney fees at a rate greater than $125.00 per hour in order to account for inflation as calculated pursuant to the National Index Cost of Living Adjustment.

Defendant does not challenge the number of hours claimed by counsel for plaintiff or the cost-of-living adjustment above the statutory cap of $125.00 sought by counsel.  Defendant opposes the EAJA motion solely on the ground that the position of the Commissioner was substantially justified.  (Def.'s Opp'n to EAJA Mot. at 2.)

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

---

[2]  In the first paragraph of his motion, counsel for plaintiff requests an award of $6,611.23 for attorney fees under the EAJA.  This figure is inconsistent with the amount requested and documented in counsel's declaration.  Although the itemized entries in the declaration total 41.2 hours rather than 40.2, the additional hour would not account for the discrepancy between the amounts sought in the first paragraph of the motion and in counsel's declaration.  Accordingly, the court addresses the motion for fees as one based on a total 40.2 hours of attorney time.

1    A party who obtains a remand for the payment of benefits in a Social Security

2 case is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-02

3 (1993); see also Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for

4 disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her

5 benefits is reversed and remanded regardless of whether disability benefits ultimately are

6 awarded.").  Here, it is undisputed that plaintiff is a prevailing party, that plaintiff's attorney fee

7 motion pursuant to the EAJA is timely, and that plaintiff did not unduly delay this litigation.

8    As noted above, defendant contends that the position of the Commissioner was

9 "substantially justified."  That contention is unpersuasive.  On the cross-motions for judgment on

10 the pleadings and summary judgment, the Commissioner chose to defend a number of obvious

11 flaws in the ALJ's decision.  More specifically, the ALJ's treatment of the opinion of the

12 examining psychiatrist did not withstand scrutiny under either the "clear and convincing reasons"

13 standard or the "specific and legitimate reasons based on substantial evidence" standard.  With

14 respect to this issue, the ALJ's characterization of the record was inaccurate in several respects,

15 the ALJ failed to cite specific medical records to support some of his conclusions, the ALJ

16 engaged in the questionable practice of chastising a claimant with a mental impairment for

17 exercising poor judgment in seeking rehabilitation, and the ALJ relied heavily on plaintiff's GAF

18 score to reject the examining psychiatrist's ultimate conclusions.  (See Order filed Sept. 20,

19 2006, at 6-10).  In addition, the ALJ rejected plaintiff's testimony without articulating specific,

20 clear and convincing reasons based on the record.  (See id. at 8, 10-15.)  In the absence of

21 legitimate reasons for disregarding the examining psychiatrist's opinion and plaintiff's own

22 testimony, the court found no need to remand the case for additional findings and therefore

23 remanded with the direction to grant benefits.  (See id. at 15-16.)  For these reasons, the court

24 finds that the position of the Commissioner was not "substantially justified."  See Corbin v.

25 Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an

26 ALJ's procedural error does not automatically require a finding that the government's position

3

1  was not substantially justified, the defense of basic and fundamental errors such as the ones in the

2  present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996)

3  (finding no substantial justification where the Commissioner did not prove that her position had a

4  reasonable basis in either fact or law and "completely disregarded substantial evidence" of the

5  onset of disability).

6        The EAJA expressly provides for an award of "reasonable" attorney fees.  28

7  U.S.C. § 2412(d)(2)A).  Determining a reasonable fee "requires more inquiry by a district court

8  than finding the 'product of reasonable hours times a reasonable rate.'"  Atkins, 154 F.3d at 988

9  (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The court must also consider "'the

10  relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989

11  (quoting Hensley, 461 U.S. at 437.)

12        Here, plaintiff's counsel secured a remand for the payment of benefits after filing

13  a motion for judgment on the pleadings, and counsel has successfully opposed defendant's

14  contention that the Secretary's position was substantially justified.  Having carefully reviewed

15  the pending motion, the court finds that the claimed 47.2 hours of attorney time is reasonable and

16  that the number of hours is comparable to the amount of time devoted to similar tasks by counsel

17  in other social security appeals coming before this court.  Therefore, the court finds that counsel

18  for plaintiff is entitled to an EAJA fee award for the number of hours requested.  Counsel has

19  requested a modest cost of living adjustment, and the adjustment is unopposed.  The court finds

20  it appropriate to adjust the statutory rate of $125.00 per hour to $154.06 per hour.

21        Accordingly, the court will order that the motion for attorney fees under the EAJA

22  be granted and that plaintiff be awarded $7,271.62 for 47.2 hours of attorney time at the hourly

23  rate of $154.06.  Pursuant to plaintiff's unopposed request, the court will order that the EAJA

24  award be made payable to plaintiff's attorney, James O. Keefer.

25  /////

26  /////

4

**MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**

In the other motion before the court, brought pursuant to 42 U.S.C. § 406(b), counsel for plaintiff seeks an additional award of attorney fees in the amount of $13,235.75, which represents 25% of the retroactive disability benefits due to plaintiff.  A copy of counsel's motion was sent to plaintiff, who has not filed any objection.  Defendant has not filed any response to this motion.

Section § 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  The award under § 406(b) is paid out of the claimant's past-due benefits, while the EAJA award is paid by the government.  See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).  However, the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  535 U.S. at 807.

Here, counsel for plaintiff seeks attorney fees in an amount equal to 25% of plaintiff's past-due benefits, which is the maximum amount authorized by statute as well as the amount set forth in the fee agreement between counsel and plaintiff. (See Mot. for Attorney Fees Under 42 U.S.C. § 406(b), Ex. C.)  More specifically, counsel seeks an award of $13,235.75 for 47.2 hours of work, which represents a rate of $280.42 per hour.  The Social Security

Administration withheld from plaintiff's past-due benefits the amount of $13,235.75, as 25% of those benefits, for any attorney fees awarded by the court under § 406(b).  (Id., Ex. A.)

Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended by counsel to be reasonable.  The hourly rate is also reasonable.  See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding $10,031.56, which represented an hourly rate of $550 per hour for attorney time and $238.63 per hour for paralegal time); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding $25,132.50 for approximately 56 hours of court-related work, which represented an hourly rate of $450); Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorney fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable).  Accordingly, the motion for attorney fees under 42 U.S.C. § 406(b) will be granted in full.

## CONCLUSION

As discussed above, the court has determined that counsel for plaintiff should be awarded $7,271.62 in attorney fees pursuant to the EAJA.  Where an award of attorney fees is also made pursuant to 42 U.S.C. § 406(b), that sum must be offset by any sum awarded pursuant to the EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  Counsel for plaintiff will be directed to give plaintiff the smaller of the two sums awarded.  Here, the EAJA award of $7,271.62 must be given to plaintiff Straka after counsel has received both awards, and counsel's net fee will be $13,235.75.

/////

/////

/////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's December 4, 2006 motion for attorney fees under the Equal Access

3    to Justice Act, 28 U.S.C. § 2412(d), is granted;

4    2.  Plaintiff is awarded $7,271.62 in attorney fees under the EAJA for 47.2 hours

5    of attorney time at the hourly rate of $154.06, and said award shall be made payable to plaintiff's

6    attorney, James O. Keefer;

7    3.  Plaintiff's March 27, 2007 motion for attorney fees under 42 U.S.C. § 406(b) is

8    granted;

9    4.  Counsel for plaintiff is awarded $13,235.75 in attorney fees under § 406(b);

10   and

11   5.  Upon receipt of both awards, counsel for plaintiff shall refund to plaintiff the

12   smaller of the two awards.

13   DATED: June 20, 2008.

14

15   _Dale A. Drozd_

16   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

17   DAD:kw
     Ddad1/orders.socsec/straka1124.attyfees.eaja.406b

18

19

20

21

22

23

24

25

26